**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ELIZABETH RANDALL,<br><br>              Petitioner,<br><br>   v.<br><br>MOLLY HILL,<br><br>              Respondent. | Case No. EDCV 17-2096 JGB (AFM)<br><br>**ORDER TO SHOW CAUSE** |

On October 13, 2017, petitioner filed a Petition for Writ of Habeas Corpus by a Person in State Custody pursuant to 28 U.S.C. § 2254. The Petition raised four grounds for federal habeas relief.

On October 17, 2017, the Court issued an order informing petitioner that because it appeared that she had not exhausted her state remedies with respect to any of her claims, her petition was subject to dismissal. The order provided petitioner with the following options: she could (1) file an amended petition indicating that she had in fact exhausted her state remedies; (2) file a motion for voluntary dismissal of this action; or (3) file a motion to stay this action while she exhausts her state remedies. Petitioner was cautioned that failure to respond to the

Court's order would result in dismissal of this action for failure to exhaust and failure to prosecute.

Petitioner filed an amended petition on November 16, 2017. It is evident from the face of the amended petition that petitioner has not exhausted her state remedies with respect to any of her claims. Petitioner did not, however, file a motion seeking a stay. Instead, she requested an extension of time to respond to the Court's October 17, 2017 order. Petitioner's request was granted, and her response was due on January 15, 2018. As of the date of this order, petitioner has neither filed a response nor requested a further extension of time to do so.

Accordingly, petitioner is ORDERED TO SHOW CAUSE why the Court should not dismiss this fully unexhausted petition without prejudice for failure to prosecute. Petitioner may discharge this order by filing, within **twenty-eight (28)** days of the date of this order, either a motion for voluntary dismissal[1] or a motion for a stay as described in the October 17, 2017 order. *See Mena v. Long*, 813 F.3d 907, 912 (9th Cir. 2016) ("a district court has the discretion to stay and hold in abeyance fully unexhausted petitions under the circumstances set forth in *Rhines[ v. Weber,* 544 U.S. 269 (2005)]"). If petitioner seeks a stay, she must provide a declaration signed under penalty of perjury explaining why she has failed to exhaust her state remedies.

Finally, petitioner is cautioned that failure to timely comply with this order will result in dismissal of this action without prejudice for failure to prosecute.

DATED: 2/6/2018

_____
ALEXANDER F. MacKINNON
UNITED STATES MAGISTRATE JUDGE

---

[1] If petitioner selects this option, she should be aware that any future federal petition she files will be subject to the one year limitation period (see 28 U.S.C. §2244(d)) and could be barred as untimely.

2